UNITED STATES DISTRICT COURT
NORTHERNDISTRICT OF GEORGIA
ATLANTA DIVSON

| | | |
|---|---|---|
| **MELANIE DAY** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Action Number** |
| | ) | |
| **SEABREEZE RETREAT LLC,** | ) | **Jury Trial Demand** |
| **COBBLESTONE CARE, INC and** | ) | |
| **SHARIEMA HANIFF, an individual** | ) | |
| | ) | |
| **Defendant** | ) | |

# COMPLAINT

COMES NOW Plaintiff Melanie Day (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against SEABREEZE RETREAT PERSONAL CARE HOME, LLC, COBBLESTONE CARE INC., and SHARIEMA HANIFF ("Haniff") (hereinafter collectively "Defendants") pursuant to § 216(b) of the Fair Labor Act of 1938, and for Breach of Contract against Defendant Haniff pursuant to O.C.G.A Title 13 etc., in support thereof would state as follow:

# INTRODUCTION

1. The instant actions arise from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§201, et seq., as amended (hereinafter "FLSA"), and specifically the provision of FLSA found at §216(b) to remedy

violations of the minimum wage and overtime provisions of FLSA by Defendants which have deprived Plaintiff, of her lawful minimum hourly and overtime wages, for breach of contract and from Defendant Haniff's breach(es) of contract(s) with Plaintiff.

2. Plaintiff's employment with Defendants required her to provide certain services for Defendants' clients such as: organize medication, serve meals, bathe, transport, clean laundry and other personal care services for Defendants' clients (hereinafter "Personal Care Services").

3. Plaintiff was employed by Defendants, doing Personal Care Service work from Defendants' operation located at 1431 Providence Way, Lawrenceville, GA 30046 (hereinafter "Defendants' Norcross Location").

4. During the employment of Plaintiff, Defendants committed violations of FLSA by failing to compensate Plaintiff at least minimum wage for all hours worked and by failing to compensate Plaintiff at a legally appropriate overtime rate for hours in excess of 40 in a given workweek primarily as a result of Defendants illegal classifying Plaintiff as an Independent Contract.

5. Plaintiff seeks unpaid minimum hourly wage and overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate pursuant to 29 U.S.C. §216(b).

6. During the employment of Plaintiff, Defendant Haniff and Plaintiff had verbal contract(s) for payments to Plaintiff.

7. Plaintiff also seeks payment for contractual amounts owed to Plaintiff pursuant to O.C.G.A Title 13 etc.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C §1331 (federal question jurisdiction), and 29 U.S.C. §216(b) (FLSA).

9. Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391(a) and (c) because all of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

10. The Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 (supplemental jurisdiction).

11. Plaintiff's states laws claims arise out of a common nucleus of operative facts as her federal claims for unpaid wages under FLSA.

## PARTIES

12. Plaintiff resides in Gwinnett County, Georgia and is a citizen of the United States. Plaintiff was employed by Defendant at Defendants' Lawrenceville Location, from on or about January 2010, until on or about August 2018

primarily working as a Home Health Aide and performing Personal Care services for clients of the Defendants.

13. At all times material to this action, Plaintiff was an "employee" of the Defendants defined by §203(e)(1) of FLSA and worked for Defendants within the territory of the United States. Plaintiff is further covered by §§203 and 207 of FLSA for the period in which she was employed by Defendants.

14. Defendant Seabreeze Retreat Personal Care Home is a Limited Liability Company of the State of Georgia which operates a Home Health Agency business in Lawrenceville, Georgia.  Plaintiff was an employee of Seabreeze Retreat Personal Care Home (hereinafter "Seabreeze").

15. Defendant Cobblestone Care Inc. is a Georgia Corporation which operates a Home Health Agency business in Lawrenceville, Georgia.  Plaintiff was an employee of Cobblestone Care Inc. (hereinafter "Cobblestone").

16. Defendant Haniff was at all times relevant to this Complaint, the Service Manager of Seabreeze and Cobblestone, and Plaintiff's immediate supervisor at both businesses.

17. Defendant conducted business within this State and District.

18. Defendant maintained either actual or constructive control, oversight, and direction of Defendants Lawrenceville location, including employment, pay and other practices of that operation.

19. Seabreeze is subject to personal jurisdiction in the state of Georgia for purposes of this lawsuit and can be served through its registered agent, Shariema Haniff, 1431 Providence Way, Lawrenceville, Georgia 30046.

20. Cobblestone is subject to personal jurisdiction in the state of Georgia for purposes of this lawsuit and can be served through its registered agent, Shariema Haniff, 1431 Providence Way, Lawrenceville, Georgia 30046.

21. Defendant Haniff is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can served by delivering a copy of the summons and of the complaint to Defendant Haniff business address Seabreeze Retreat Personal Care Home, 1431 Providence Way, Lawrenceville Georgia, 30046.

22. At all times material to this action, Defendant Haniff was an "employer" of Plaintiff, as defined by §203(d) of FLSA.

23. At all times material to this action, Defendant Seabreeze was an "employer" of Plaintiff, as defined by §203(d) of FLSA.

24. At all times material to this action, Defendant Cobblestone was an "employer" of Plaintiff, as defined by §203(d) of FLSA.

25. The minimum hourly wage provision set forth in §206 of FLSA apply to Defendants.

26. The overtime provisions set forth in §207 of FLSA apply to Defendants.

**FACTUAL ALLEGATIONS**

27. Defendant hired Plaintiff to work as a Home Healthcare Aide and provide Personal Care Services to the Defendants' clients.

28. Defendant Haniff oversaw all the individuals, including Plaintiff, who worked as a Home Healthcare Aide for Defendants' clients.

29. Plaintiff reported directly to Haniff.

30. Plaintiff was required to provide Personal Care Services to elderly clients as assigned by Defendants.

31. Providing said Personal Care Services, required Plaintiff to work in excess of forty (40) hours a week.

32. At all times relevant to this action, Plaintiff was required to work, on average, at least 75 hours a week.  She was not allowed to leave the facility until she completed her shift.

33. On numerous occasions, Defendant Haniff would threaten Plaintiff by stating she would not pay Plaintiff for the hours worked if Plaintiff left the premises, prior to the conclusion of Plaintiff's shift.

34. At all times relevant to this action, Plaintiff worked in excess forty (40) hours weekly.

35. At all times relevant to this action, Plaintiff hourly wages were less than the federal minimum hourly wage.

36. Defendants failed to meet the requirement for paying Plaintiff minimum wage for all hours worked as required under FLSA, 29 U.S.C. §§203 and 206.

37. Defendants are liable to Plaintiff for compensation for all time worked in which she was paid at a rate of pay less than the federal minimum hourly wage rate.

38. At all times relevant to this action, Plaintiff was a non-exempt employee for purpose of overtime compensation.

39. At all times relevant to this action, Defendants had a policy and/or practice of not compensating Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times her regular wages, at which they require by law.

40. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation required of FLSA under 29 U.S.C. §§207 or 213 with respect to Plaintiff.

41. Defendants are liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at a rate of at least at which Plaintiff was legally required to be paid under compensation requirements of FLSA under §§203, 206, and 207.

42. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring cost and reasonable attorneys' fees.

43. As result of Defendants' willful violation of FLSA, Plaintiff is entitled to liquidated damages.

44. Additionally, Defendants have breached a contract with Plaintiff by withholding payments from several assignments for services she completed for Defendants and their clients.

45. Plaintiff has retained the undersigned counsel to represent her in this action, pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and cost incurred in this action.

46. Plaintiff demands a jury trial.

## COUNT I
## FLSA - MINIMUM WAGE VIOLATION

47. Plaintiff re-alleges all paragraphs above as fully set forth herein.

48. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provision of FLSA, as detailed herein, by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§203 and 206 of FLSA.

49. As a result of the Defendants violations of FLSA, Plaintiff has suffered damages by failing to receive minimum wage compensation in accordance with §§ 203 and 206 of FLSA.

50. Defendants have not made a good faith effort to comply with FLSA with respect to their compensation of Plaintiff.

51. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wage compensation in an amount to be determined at trial and is entitles to recovery of such amounts, liquidated damages, pre- and post-judgement interest, attorneys' fees, cost and other relief.

## COUNT II
## FLSA - OVERTIME COMPENSATION VIOLATION

52. Plaintiff re-alleges all paragraph above as though fully set forth herein.

53. By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated FLSA provisions and corresponding federal regulations.

54. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of FLSA, as detailed herein, by failing to properly pay overtime compensation at a rate of at least one and one-half times minimum

55. As a result of Defendants' violation of FLSA, Plaintiff, has suffered damages by failing to receive an overtime rate of at least one and one-half times minimum wage accordance with §§203 and 207 of FLSA.

56. Defendants have not made a good faith effort to comply with FLSA with respect to overtime compensation owed to Plaintiff.

57. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation equal to a rate of at least one and one half-times minimum wage. Plaintiff is owed compensation in an amount to be determined at trial, and is entitled to recovery such amounts, liquidated damages, pre-and post-judgment interest, attorneys' fees, cost and other relief.

## COUNT III
## STATE CLAIM-BREACH OF CONTRACT

58. Plaintiff-alleges all paragraphs above as though fully set forth herein.

59. Plaintiff and Defendant Haniff entered an oral contract that defined how Defendant Haniff would pay Plaintiff for services she rendered to clients of Haniff.

60. Defendant Haniff has failed to pay Plaintiff all monies owed to her per the contract.

61. Defendant Haniff is in breach of said contract in an amount to be determined in discovery and trial.

62. As a result of Defendant Haniff's breach of the contract with Plaintiff, Plaintiff has suffered actual damages including loss of the use of the money owed, attorney's fees and costs and other amounts to be determined at a future date.

63. By her actions alleged herein, Defendant Haniff willfully, knowingly, and/or recklessly failed to pay Plaintiff all monies due to her for services she performed.

## COUNT IV
## ATTORNEYS' FEES AND COSTS

64. Plaintiff re-alleges all paragraph above as though fully set forth herein.

65. Plaintiff is entitled to an award of attorney's fees and expenses of litigation on each and every cause of action alleged herein, as provided by statute and because Defendant has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of FLSA and Georgia Contract Law, prays for the following relief:

i. That Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

ii. That Plaintiff be awarded reasonable attorneys' fees;

iii. That Plaintiff be awarded the cost and expenses of this action; and

iv. That Plaintiff be awarded such other, further legal, and equitable relief, including, but not limited to, any injunctive and or/ declaratory relief to which she may be entitled.

v. And, that in accordance with Georgia contract law, that Plaintiff be awarded all monies owed to her under the terms of the contract Haniff plus interest

Respectfully submitted this 11th day of August, 2020.

**MOLDEN & ASSOCIATES**

s/ A. Zakiya Watson-Caffe
Regina S. Molden
Georgia Bar No. 515454
A. Zakiya Watson-Caffe
Georgia Bar No. 441773
Molden & Associates
Peachtree Center-Harris Tower
233 Peachtree Street – Ste. 1245
Atlanta, Georgia 30303
Telephone: (404)324-4500
Facsimile: (404) 324-4501
Email: rmolden@moldenlaw.com
Email: zwatson@moldenlaw.com